UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
Michael A. Hammer,
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse,
50 Walnut Street,
Newark, New Jersey 07101

June 29, 2022

To:   All litigants

**LETTER OPINION & ORDER**

RE:   *Williams v. Angelo*,
      **Civil Action No. 20-07237 (ES) (MAH)**

Dear Litigants:

Before the Court is Plaintiffs Thaddeus Thomas and Nasheed Williams's motion for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Mot. For Pro Bono Counsel, May 2, 2022, D.E. 38, at 1. The Court has reviewed Plaintiffs' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, considered the motion without oral argument. For the reasons set forth below, Plaintiffs' request is denied without prejudice.

**BACKGROUND**

Plaintiffs initiated this matter by filing a civil rights Complaint against Defendants on June 8, 2020. Compl., June 8, 2020, D.E. 1. Plaintiffs are civilly committed detainees confined at East Jersey State Prison ("EJSP"), and Defendants are EJSP employees. *Id.* at 3-9. Plaintiffs allege that Defendants violated their constitutional rights by neglecting to sufficiently protect them from contracting COVID-19 while in custody. Pls.' Statement of Claims, June 8, 2020, D.E. 1-2, at 1-9. Specifically, Plaintiffs contend Defendants knowingly placed COVID-positive

1

detainees in the same units as COVID-negative detainees on March 11, 2020, exposing Plaintiffs to the virus and causing them to later test positive. *Id*. at 1, 7, 9, 13-15. Plaintiffs also claim Defendants failed to sanitize communal living spaces and did not provide them with COVID-19 tests until two months after their exposure to the virus. *Id.* at 7, 9.

Plaintiffs jointly filed an application to proceed in forma pauperis, which the Court temporarily granted on June 23, 2020. Pls.' In Forma Pauperis Appl., June 8, 2020, D.E. 1-1 ("IFP Appl."); Memorandum & Order, June 23, 2020, D.E. 2, at 2. At the Court's instruction, Plaintiffs individually applied to proceed in forma pauperis on July 24, 2020, but those applications have seemingly not been adjudicated. Pls.' Second In Forma Pauperis Appls., July 24, 2020, D.E. 9 ("Second IFP Appl."). Nearly three months later, on October 13, 2020, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Br. in Supp. of Mot. to Dismiss, Oct. 13, 2020, D.E. 19-1, at 1. The Court granted Plaintiffs an extension of the deadline to respond to Defendants' motion to dismiss. Order, July 28, 2021, D.E. 31, at 2. Plaintiffs filed a letter in opposition on August 18, 2021. Pls.' Letter to Ct., Aug. 18, 2021, D.E. 33, at 1.

On May 2, 2022, during the pendency of Defendants' motion to dismiss, Plaintiffs filed the instant motion for the appointment of pro bono counsel.[1] Mot. For Pro Bono Counsel, D.E. 38, at 1. The Court considers the motion unopposed.

## DISCUSSION

The appointment of pro bono counsel in a federal civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Parham v.*

---

[1] As of the date of this Opinion, the District Court has not adjudicated Defendants' motion to dismiss.

2

*Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Courts nevertheless have the ability and discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). A court may appoint counsel at any point during litigation, and must make that decision on a "case-by-case basis." *Tabron*, 6 F.3d at 157-58. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

The Court's consideration of the instant motion is guided by the multi-part framework set forth by the Third Circuit in *Tabron v. Grace*, 6 F.3d at 156-57. The Court must first determine "whether the claimant[s'] case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If the applicants' claims have merit, the Court considers the following non-exhaustive factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; [and]
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

The Court assumes that Plaintiffs' claims have merit and turns to the first *Tabron* factor. When analyzing a plaintiff's ability to present their case, courts generally consider the plaintiff's "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Courts also consider the restraints placed upon a litigant

3

where, as here, they are incarcerated, *id.*, in addition to the applicant's "access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459. In this case, Plaintiffs' renewed in forma pauperis applications list their current employer as "S.T.U.," but Plaintiffs' roles and prior work experiences are unclear. Second IFP Appl., D.E. 9, at 1, 7. Plaintiff Williams reports that he has six years of schooling; Plaintiff Thomas has twelve. *Id.* at 5, 10. It also warrants repeating that Plaintiffs are civilly-committed detainees confined at EJSP and, as such, are unable to leave the facility. Compl., D.E. 1, at 4-5.

Plaintiffs argue their confinement at EJSP restricts their ability to produce documents and make legal arguments. Mot. For Pro Bono Counsel, D.E. 38, at 3-4. The record indicates, however, that Plaintiffs have filed several letters with the Court regarding the status of this case, including a letter raising legal arguments in opposition to Defendants' motion to dismiss. *See* Pls.' Letter to Ct., D.E. 33, at 4-5; Pls.' Letter to Ct., Jan. 21, 2021, D.E. 23; Pls.' Letter to Ct., Feb. 25, 2021, D.E. 28. Plaintiffs' submissions are cogent and demonstrate their ability to present the essential facts that form the basis of their claims, including relevant dates, locations, and the names of the accused parties. *See* Pls.' Statement of Claims, D.E. 1-2, at 1, 17, 27. Further, while neither the instant motion nor Plaintiffs' in forma pauperis applications address Plaintiffs' prior litigation experience, it appears Plaintiff Thomas's is extensive. Thomas is a plaintiff in several matters previously or currently being litigated in this District, including: (1) *Thomas v. Adams*, Civ. No. 10-5026 (D.N.J. Sept. 29, 2010); (2) *Graham v. Ottino*, Civ. No. 11-7125 (D.N.J. Apr. 13, 2015); (3) *Thomas v. Ware-Cooper*, Civ. No. 13-2429 (D.N.J. June 3, 2014); (4) *Thomas v. Singer*, Civ. No. 13-3799 (D.N.J. June 3, 2014); (5) *Thomas v. Haskins*, Civ. No. 13-5501 (D.N.J. June 2, 2014); (6) *Thomas v. Main*, Civ. No. 14-5532 (D.N.J. Apr. 13, 2015); and (7) *Thomas v. Estrada*, Civ. No. 19-20964 (D.N.J. June 17, 2021). The Court determines from

4

the foregoing that Plaintiffs possess the ability to present their own case and advocate on their own behalf, in spite of their detention. This factor therefore weighs against the appointment of counsel.

The Court also finds the legal issues involved in this matter are not complex. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156. Courts also consider the "proof going towards the ultimate issue and the discovery issues involved." *Parham*, 126 F.3d at 459. Plaintiffs challenge the constitutionality of their confinement conditions and the practices employed by Defendants at EJSP pursuant to 42 U.S.C. § 1983. *See* Compl., D.E. 1, at 1; Pls.' Statement of Claims, D.E. 1-2, at 25. The law is well-settled that "a failure of prison officials to provide minimally civil conditions of confinement to pre-trial or civilly-committed detainees, or deliberate indifference to a serious medical need[] of such detainees, violates their right not to be punished without due process of the law." *Banda v. Corzine*, Civ. No. 07-4508, 2007 WL 3243917, at *8 (D.N.J. Nov. 1, 2007); *see also Bell v. Wolfish*, 441 U.S. 520, 520, 537-38 (1979). Plaintiffs have given the Court no indication that this matter will involve extraordinarily complex or groundbreaking legal issues. Accordingly, the second *Tabron* factor disfavors the appointment of counsel.

The Court next considers the degree to which factual investigation will be necessary and Plaintiffs' ability to pursue such investigation. The Third Circuit has stated that "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim" in analyzing this factor. *Montgomery*, 294 F.3d at 503. "[T]he court may also consider the extent to which prisoners and others suffering confinement may face problems pursuing their claims," such as "where the claims are likely to require extensive discovery and compliance with complex

5

discovery rules." *Tabron*, 6 F.3d at 156 (citing *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992)). In *Parham*, the Third Circuit determined this factor weighed in favor of appointing counsel to an incarcerated plaintiff because the plaintiff's medical malpractice case "involve[d] complex facts and medical records that even most lawyers struggle to comprehend." 126 F.3d at 460. The *Parham* court also noted that the district court granted judgment as a matter of law because the plaintiff did not have an expert witness, and "[a] lawyer conducting discovery would probably have recognized that it was necessary to obtain expert testimony." *Id.* Similarly, in *Montgomery*, the Third Circuit found several circumstances "demonstrate[d] a clear need for factual investigation beyond that which [the plaintiff] could conduct from his prison cell." 294 F.3d at 503. The court emphasized "[t]he absence of medical records that were vital to Montgomery's [deliberate indifference] claim, the defendants' resistance to Montgomery's requests during discovery, and Montgomery's increasingly apparent inability to navigate his case's complex discovery rules." *Id.* at 504. In contrast, Plaintiffs have not demonstrated an inability to conduct factual discovery. The Court understands Plaintiffs' concern that it is more difficult to acquire medical records and legal documents in confinement, Mot. For Pro Bono Counsel, D.E. 38, at 4, but the Complaint and several of Plaintiffs' submissions to the Court indicate that Plaintiffs understand the facts forming the basis of their claims, what records are of importance, and how to request those materials. *See* Pls.' Statement of Claims, D.E. 1-2 at, 1-11, 21; Pls.' Letter to Ct., D.E. 23, at 1. Thus, the third factor also weighs against the appointment of counsel.

      The Court examines the amount a case is likely to turn on credibility determinations in assessing factor four. *Parham*, 126 F.3d at 460. Because most cases require at least some credibility determination, the Third Circuit has instructed courts to consider "whether the case

6

[will be] solely a swearing contest" in analyzing this factor. *Montgomery*, 294 F.3d at 505 (citing *Parham*, 126 F.3d at 460). "[A] 'swearing contest' occurs when the resolution of the case 'may well depend on nothing more than whom the finder of fact believes.'" *Abulkhair v. U.S. Postal Serv.*, Civ. No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014) (quoting *Wassell v. Youkin*, Civ. No. 07–326, 2008 U.S. Dist. LEXIS 1820, at *14 (W.D. Pa 2008)). The Court can only surmise as to whether credibility determinations will dictate the outcome of this case. Plaintiffs have not addressed this factor and the parties are arguably still in the beginning stages of the discovery process. *See* Pretrial Scheduling Order, Apr. 25, 2022, D.E. 37, at 3 (directing parties to serve written discovery by June 17, 2022, and respond within sixty days of receipt). It is therefore unclear whether documents substantiating the parties' claims and defenses will be produced, or whether the parties will largely rely upon credibility, should the Complaint survive Defendants' motion to dismiss. The Court therefore holds this factor is neutral.

The Court asks whether this matter will require the testimony of expert witnesses in considering factor five. *Parham*, 126 F.3d at 460. Plaintiffs' motion fails to specify what expert testimony Plaintiffs require in making their case against Defendants. *See* Mot. For Pro Bono Counsel, D.E. 38, at 3-4. Accordingly, this factor also weighs against the appointment of counsel.

The Court lastly considers Plaintiffs' ability to afford and retain counsel. *Tabron*, 6 F.3d at 156. As previously noted, Plaintiffs have been temporarily permitted to proceed in forma pauperis. Memorandum & Order, D.E. 2, at 2. In their renewed in forma pauperis applications, Plaintiffs reported an average monthly income of $350.00. Second IFP Appl., D.E. 9, at 1, 6. Plaintiffs represent that their circumstances have not changed, and they are not financially capable of hiring a part-time or full-time attorney. Mot. For Pro Bono Counsel, D.E. 38, at 3. The

Court finds Plaintiffs' financial status weighs in favor of appointing counsel. Indigence alone does not, however, warrant the appointment of counsel. *Clinton v. Jersey City Police Dep't*, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009); *see also Johnson v. De Prospo*, Civ. No. 08-1813, 2009 WL 276098, at *3 (D.N.J. Feb. 5, 2009). The *Tabron* factors, when balanced, disfavor the appointment of counsel in this matter. Plaintiffs' motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for the appointment of pro bono counsel, D.E. 38. The denial is without prejudice to Plaintiffs' right to renew their application at a later date.

*/s Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**